O’Connell, J.
(dissenting). I respectfully dissent. I disagree with the majority’s conclusion that a person may recover benefits for lost wages when the person was in fact earning no wages at the time of injury. Moreover, I am troubled by the majority’s refusal to follow the precedent set by our Supreme Court in Popma v Auto Club Ins Ass’n, 446 Mich 460; 521 NW2d 831 (1994).
In Popma, Justice Cavanagh, on behalf of our Supreme Court, stated that “[t]he provisions governing the award of work-loss benefits are contingent on the employment status of the claimant at the time of the accident. Section 3107(1)(b) [MCL 500.3107(1)(b); MSA 24.13107(1)(b)] applies when a claimant is working at the time of the accident, while § 3107a [MCL 500.3107a; MSA 24.13107(1)] applies when a claimant is temporarily unemployed.” Id. at 466. Indeed, the Court in Popma held as follows:
By enacting § 3107a, the Legislature intended to remedy the situation in which a claimant is precluded from receiving any work-loss benefits because the claimant is unemployed at the time of the accident. Therefore, § 3107a permits a temporarily unemployed claimant to recover work-loss benefits when they would have previously been automatically precluded from doing so. [Id. at 469 (emphasis added).]
Although Popma involved the interpretation of § 3107a, this analysis regarding the legislative intent behind § 3107a demonstrates that, in order to recover *440 under subsection 3107(l)(b), the claimant must be employed at the time of the accident.[1] Because plaintiff was not employed at the time of her injury, she is precluded from recovery under subsection 3107(l)(b).
Accordingly, I would conclude that, in order to recover work-loss benefits under subsection 3107(l)(b), a claimant must be employed at the time of the accident causing the injury. However, if the claimant is “temporarily unemployed,” the claimant may seek recovery under § 3107a. Because plaintiff was unemployed at the time of the accident causing her injury and does not claim that she was “temporarily unemployed,” I would affirm the trial court’s grant of summary disposition to defendant.

 The majority recognizes that the Supreme Court “strongly suggested” that the entitlement to work-loss benefits depends on whether the claimant is working at the time of the accident. I believe that the Court did more than “strongly suggest” this proposition—it explicitly stated it. Popma, supra at 466. The majority attempts to thwart this proposition by concluding that it is obiter dictum. “Obiter dictum” is defined as “[a] judicial comment made during the course of delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential (though it may be considered persuasive).” Black’s Law Dictionary (7th ed). I cannot discover on what basis the majority concludes that the Supreme Court’s discussion of the legislative intent behind § 3107(a) was not necessary to the decision in Popma. I acknowledge that Popma is a case dealing with a claim under § 3107(a) while the instant case involves a claim under subsection 3107(1)(b); however, I believe that I am bound to follow propositional statements of law rendered by our Supreme Court that were not unnecessary to its resolution of the case in which it made the statements.